`
NO. 07-03-0406-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 20, 2004


______________________________



BANK OF AMERICA, N.A., 



 Appellant

v.



AMARILLO NATIONAL BANK, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 86,711-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Opinion


_______________________________


Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Bank of America (BOA) appeals from a final summary judgment awarding Amarillo
National Bank (ANB) damages. The damages purportedly arose from BOA's alleged
breach of a warranty accompanying the presentation of a check. It is undisputed that the
instrument presented to and paid by ANB was counterfeit or a forgery. Five issues are
before us; however, we need only consider the first and last for they are dispositive of the
appeal. And, through them, we must determine whether a counterfeit or fake check is an
altered instrument for purposes of the warranties encompassed in §4.208 of the Texas
Business and Commerce Code. We conclude that it is not, reverse the summary judgment,
and remand the cause for further proceedings.

Background


 A check in the amount of $500,000 purportedly drawn by Western Builders and
made payable to Robert L. Surber was deposited into Surber's account at BOA. At the
time, Western maintained an account with ANB. Furthermore, it is undisputed that
someone other than personnel at Western created and signed the Surber instrument. 
Indeed, it was of a different size than Western's checks. So too was the paper on which
it was printed different than that of Western's. Nonetheless, Western's account number
with ANB appeared on the item, as did Western's name. Additionally, ANB contended that
it was a copy of an actual check numbered 036830, issued by Western, dated 4/15/99, and
made payable to Megadoor, Inc., in the amount of $522,000. The face of the copy
reflected a check numbered 36830, payable to R. L. Surber in the amount of $500,000, and
dated 4/27/99.

 Once Surber deposited the check, BOA forwarded it to ANB, and the latter paid it. (1) 
When Western obtained its bank statement, it noted the $500,000 debit and informed ANB
that the Surber check was a forgery. ANB then credited Western's account for the
$500,000 and attempted to obtain an equal sum from BOA and Surber. Only $324,096.33
was recovered, however. Thereafter, ANB sued BOA, contending that BOA breached its
presentment warranty under §§3.417 and 4.208 of the Uniform Commercial Code.

 Issue was joined, and both parties moved for summary judgment. The trial court
granted that of ANB. 

Issue One - Alteration


 In its first issue, BOA contends that because the check was not altered, it could not
have breached any warranty imposed by §4.208 of the Code. (2) Thus, ANB was not entitled
to summary judgment; instead, BOA was. We sustain the issue.

 The Law and Its Application

 Both traditional and no evidence motions for summary judgment were filed by the
parties. The standards applicable to reviewing each are well settled and need not be
reiterated. Instead, we cite the parties to Kimber v. Sideris, 8 S.W.3d 672, 674-75 (Tex.
App.-Amarillo 1999, no pet.) for their explanation. Additionally, when both sides move for
summary judgment and the trial court grants one motion and denies the other, we review
the evidence presented by both movants and determine all dispositive questions presented. 
Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex. 1999). 

 Next, according to §4.208 of the Business and Commerce Code, 

 . . . If an unaccepted draft is presented to the drawee for payment . . . and the
drawee pays . . . the draft, (i) the person obtaining payment . . ., at the time
of presentment, and (ii) a previous transferor of the draft, at the time of
transfer, warrant to the drawee that pays . . . the draft in good faith that:


* * *



 (2) the draft has not been altered . . . .

Tex. Bus. & Com. Code Ann. §4.208(a)(2) (Vernon 2002). ANB contended that BOA
breached this warranty because the Surber check altered the original check payable to
Megadoor. BOA asserted otherwise. Our task is to determine the meaning of "altered" for
if the Surber item was not an alteration of the Megadoor check, §4.208(a)(2) is irrelevant.

 According to the Business and Commerce Code, an "alteration" consists of 1) "an
unauthorized change in an instrument that purports to modify in any respect the obligation
of a party" or 2) "an unauthorized addition of words or numbers or other change to an
incomplete instrument relating to the obligation of a party." Id. §3.407(a)(1)&(2). As can
be readily seen, the idea of altering an instrument presupposes the existence of an
instrument. Charter Bank Northwest v. Evanston Ins. Co., 791 F.2d 379, 383 (5th Cir.
1986). Without a preexisting instrument, there can hardly be something to change or
complete. 

 So too does this definition connote a change to, or on, that preexisting document. 
Not only is this evinced through the interpretation accorded the word "alteration" by such
legal publications such as Black's Law Dictionary but also by judicial opinion. Under the
former, an alteration is "[a]n act done to an instrument, after its execution, whereby its
meaning or language is changed." Black's Law Dictionary 85 (8th ed. 2004) (emphasis
added). If change is being done "to an instrument," reason suggests that the physical
instrument itself undergo change, not some other document. For instance, there is but one
"Mona Lisa." While it may be subject to alteration, one does not do so by making a copy
of the masterpiece and then changing the confident smile of the woman appearing in the
copy. Moreover, this very idea lay at the heart of the opinions in Charter Bank Northwest
v. Evanston Ins. Co., 791 F.2d 379 (5th Cir. 1986) and Firstar Bank, N.A. v. Wells Fargo
Bank, N.A., No. 02-C-186, 2004 U.S. Dist. Lexis 10767 (N.D. Ill. June 14, 2004). In each,
the court rejected the argument that creating a document equated the alteration of it. 
Charter Bank Northwest v. Evanston Ins. Co., 791 F.2d at 383; Firstar Bank, N.A. v. Wells
Fargo Bank, N.A., 2004 U.S. Dist. Lexis 10767 at 21-22. 

 Given the foregoing authorities, we conclude that before §4.208(a)(2) applies, any
alteration must appear or be made on the body of the original instrument, as opposed to
appearing simply on a copy of the original. Yet, here, the check presented by Surber to
BOA was not an actual check issued by Western. No one disputes that. Rather, it was one
created by Surber or someone else and made to look like a Western check. So, because
we deal with a different physical document (and even though it may look like another) our
situation likens to that before the courts in Charter Bank and Firstar Bank. That is, a
preexisting document is not being physically modified or completed, but rather, a new one
is being made that contains different terms. 

 In short, and akin to the "Mona Lisa," there was but one check issued by Western,
numbered 036830, and made payable to Megadoor, Inc., in the amount of $522,000. 
Neither Surber nor his compatriot (if any) altered it by copying the item and then changing
the terms appearing on the face of the copy. He or they simply made another, separate
instrument. And, in making a separate check, the individual who created the fake item did
not alter the original, as contemplated by §3.417 or §4.208 of the Business and Commerce
Code. Consequently, and as a matter of law, BOA could not have been held liable for
breaching warranties that arise when passing an altered check. 

Issue Five - Summary Judgment on Counterclaim


 In the final issue that we need to address, i.e. issue five, BOA contends that the trial
court erred in disposing of its counterclaim sua sponte. We sustain the issue.

 Neither party moved for summary judgment on the counterclaim filed by BOA
against ANB. Since the trial court cannot enter summary judgment upon a claim which was
not encompassed by the motion for summary judgment and that occurred here, see Kimber
v. Sideris, 8 S.W.3d at 675 (stating that all theories in support of or in opposition to a
motion for summary judgment must be presented to the trial court in writing), the trial court
erred.

 Having sustained issues one and five, it is unnecessary for us to address the others.
Accordingly, we reverse the summary judgment of the trial court, enter judgment declaring
that ANB take nothing from BOA upon its claim of breached warranty under §4.208 of the
Business and Commerce Code, and remand the cause for further proceedings.


 Brian Quinn 

 Justice


 


 

 

1. Of note is that ANB also honored the $522,000 check payable to Megadoor. So, both Surber and
Megadoor were paid.
2. Though ANB mentioned both §§3.417 and 4.208 of the Business and Commerce Code in its live
pleading, only 4.208 was mentioned in its motion for summary judgment.